UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 16  P 4: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FEDERAL INSURANCE COMPANY ) | |
| 15 Mountain View Road ) | |
| Warren, New Jersey 07059, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 03-12203 RGS |
| v. ) | |
| ) | |
| ) | |
| ) | |
| HAVERHILL GOLF AND COUNTRY CLUB, INC. ) | |
| Brickett Lane ) | |
| Haverhill, MA 01831 ) | |
|     Defendant. ) | |

## DEFENDANT HAVERHILL GOLF AND COUNTRY CLUB, INC.'S ANSWERS AND COUNTERCLAIMS

Defendant, Haverhill Golf and Country Club, Inc. ("defendant" or the "Club") states as follows:

1.  Paragraph 1 is not a statement of fact, but of law and as such does not require a response by defendant. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

2.  Denied, except that the defendant states that it is a defendant in the action entitled *Judith Borne, et al. v. Haverhill Golf & Country Club, Inc.*, Suffolk Superior Court, C.A. No. 96-6511C "*Borne* action", and that Federal Insurance Company ("Federal") has paid for a portion of the Club's defense costs in the *Borne* action.

3.  Defendant further admits that a jury verdict of $1,967,400 was returned against the Club in the *Borne* action and denies the remaining allegations contained in this paragraph.

4.  Denied, except that the defendant states that it is without knowledge as to whether Federal has exhausted its policy and as such is unable to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

5.  This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as

statements of fact, they are denied. Defendant further states that it admits that any claims between its excess carrier and the defendant have been resolved and it is without knowledge regarding the remaining allegations.

6.    This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. Defendant further states that it admits that any claims between its excess carrier and the defendant have been resolved and it is without knowledge regarding the remaining allegations.

7.    Paragraph 7 is not a statement of fact, but of law and as such does not require a response by defendant. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

8.    Paragraph 8 is not a statement of fact, but of law and as such does not require a response by defendant. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

9.    The defendant neither admits nor denies the allegations contained in paragraph 9 as defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

10.   The defendant admits the allegations contained in paragraph 10.

11.   Defendant states that paragraph 11 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

12.   Defendant states that paragraph 12 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

13.   Defendant states that paragraph 13 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

14.   Defendant states that paragraph 14 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

15.     Defendant states that paragraph 15 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

16.     Defendant states that paragraph 16 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

17.     Defendant states that paragraph 17 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

18.     Defendant states that paragraph 18 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

19.     The defendant admits that there was an appropriate tender to Federal.

20.     Defendant states that paragraph 20 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

21.     Defendant states that paragraph 21 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

22.     Defendant states that paragraph 22 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

23.     Defendant states that paragraph 23 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

24.     Defendant states that paragraph 24 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

25.  Defendant states that paragraph 25 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

26.  Defendant states that paragraph 26 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

27.  Defendant states that paragraph 27 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

28.  Defendant states that paragraph 28 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

29.  The defendant admits that there was an appropriate tender to Federal and that Federal funded only a portion of the defense.

30.  This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. Defendant further states that it admits that consistent with Massachusetts law and the reservation of rights, this matter was defended by counsel designated by the insured and Federal funded only a portion of the defense. The defendant denies the remaining allegations contained in this paragraph.

31.  The defendant denies the allegations contained in paragraph 31 and calls on the plaintiff to prove the same.

32.  The defendant denies the allegations contained in paragraph 32 and calls on the plaintiff to prove the same.

33.  The defendant denies the allegations contained in paragraph 33 and calls on the plaintiff to prove the same.

34.  This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the

allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

35. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

36. The defendant admits that various claims were tried to a jury beginning in September, 1999.

37. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

38. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

39. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

40. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

41. Defendant states that paragraph 41 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant admits that the jury returned a verdict against the Haverhill Golf and Country Club in October, 1999 in the *Borne* action.

42. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the

5

allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

43. The defendant admits that various post trial motions were filed and an appeal was taken from the verdict and judgment entered in the Superior Court.

44. The defendant denies that Federal has tendered all remaining proceeds of its policy and is without sufficient information or knowledge to form a belief as to the truth of said allegations.

45. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant is without sufficient information or knowledge to form a belief as to the truth of allegations relating to Federal's communications with the defendant's excess insurer. The defendant denies the remaining allegations.

46. With regard to the allegations contained in the first and second sentences of paragraph 46, the defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations. With regard to the third and fourth sentences of paragraph 46, they contain statements that are not statements of fact, but of law and as such does not require a response by defendant and further refer to communications which speak for themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

47. The defendant admits that the verdict and judgment entered in the Superior Court were affirmed on appeal. With regard to the remaining allegations contained in this paragraph, the defendant The defendant is without sufficient information or knowledge to form a belief as to the truth of allegations contained therein.

48. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. Defendant further states that it admits that any claims between its excess carrier and the defendant have been resolved and it is without knowledge regarding the remaining allegations.

49. Denied, except the defendant admits that the judgment against it in the *Borne* action has been paid in full.

50. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which

speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

51. The defendant restates and incorporates herein by reference its answers to paragraphs 1 through 50 above.

52. The defendant denies the allegations contained in paragraph 52 and calls on the plaintiff to prove the same.

53. The defendant denies the allegations contained in paragraph 53 and calls on the plaintiff to prove the same.

54. The defendant denies the allegations contained in paragraph 54 and calls on the plaintiff to prove the same.

55. The defendant denies the allegations contained in paragraph 55 and calls on the plaintiff to prove the same.

56. The defendant denies the allegations contained in paragraph 56 and calls on the plaintiff to prove the same.

57. The defendant denies the allegations contained in paragraph 57 and calls on the plaintiff to prove the same.

58. The defendant denies the allegations contained in paragraph 58 and calls on the plaintiff to prove the same.

59. The defendant denies the allegations contained in paragraph 59 and calls on the plaintiff to prove the same.

## FIRST AFFIRMATIVE DEFENSE

And further answering the complaint should be dismissed pursuant to Mass. Rule of Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, Federal Insurance Company has failed to comply with the terms and conditions of the policy of insurance, wherefore Federal Insurance Company is barred from the relief requested in this action.

## THIRD AFFIRMATIVE DEFENSE

And further answering, to the extent that the defendant owed any obligations to Federal Insurance Company, such obligations have been fully, completely and properly performed in every respect.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, defendant is entitled to coverage under the Federal Insurance Company policy for said loss under the terms and conditions of the said policy of insurance.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, defendants state that the allegations contained in the complaint in the action entitled *Judith Borne, et. als., v. Haverhill Golf and Country Club*, Superior Court, Commonwealth of Massachusetts, Civil Action No.: 96-6511-C (the "*Borne* action") trigger Federal Insurance Company's duty to defend and indemnify the defendant under the Federal Insurance Company policy.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, defendant states that the claims contained in the complaint in the *Borne* action trigger Federal Insurance Company's duty to indemnify the defendant under the Federal Insurance Company policy.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, defendant states that the allegations contained in the complaint in the *Borne* action are covered under the terms and conditions of the Federal Insurance Company policy.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant has complied with the terms and conditions of the Federal Insurance Company policy.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant hereby gives notice of its intent to assert such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend its answer and to assert any such defenses by appropriate motion.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the complaint fails to include a necessary party and should be dismissed pursuant to M.R.C.P. Rule 12(b)(7).

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, defendants state that the plaintiff's action is barred by the doctrine of latches.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, defendants state that the plaintiff's action is barred by the doctrine of estoppel and/or waiver.

## COUNTERCLAIM

1.  Defendant/Counterclaim Plaintiff, Haverhill Golf and Country Club, Inc. is a Massachusetts corporation with its principal place of business in Haverhill, Massachusetts.

2.  Upon information and belief, the Federal Insurance Company ("Federal") is an insurance carrier duly licensed to issue contracts of insurance in the Commonwealth of Massachusetts with a principal place of business in the state of New Jersey.

3.  Haverhill Golf and Country Club is insured under an Executive Risk Policy for Country Clubs issued by Federal, which is applicable at all times relevant hereto.

4.  Pursuant to the policy issued by Federal to Haverhill Golf and Country Club, Federal has a duty to defend and indemnify Haverhill Golf and Country Club in the *Borne* action.

## COUNTERCLAIM FOR BREACH OF CONTRACT

5.  Haverhill Golf and Country Club repeats and incorporates by reference herein paragraphs 1 through 4 above as if fully set forth herein.

6.  In filing this action against Haverhill Golf and Country Club, Federal has subjected Haverhill Golf and Country Club to litigation and caused Haverhill Golf and Country Club to incur legal fees to establish Federal's duty to defend and indemnify Haverhill Golf and Country Club under the policy issued by Federal.

7.  Federal has breached its insurance contract with Haverhill Golf and Country Club.

8.  As a result of Federal's breach of the insurance contract, Haverhill Golf and Country Club has sustained damages, including but not limited to incurring attorneys' fees in the *Borne* action and in defending this action.

9

## COUNTERCLAIM FOR VIOLATION OF G.L. c. 93A

9.    Haverhill Golf and Country Club repeats and incorporates by reference herein paragraphs 1 through 8 above as if fully set forth herein.

10.    Federal engages in the conduct of trade or commerce in the Commonwealth of Massachusetts.

11.    Haverhill Golf and Country Club has complied with all the conditions precedent to bringing this claim pursuant to G.L. c. 93A.

12.    Prior to initiation of this action, Haverhill Golf and Country Club forwarded a written demand to Federal seeking compensation for damages resulting from Federal's actions and inactions in violation of G.L. c. 93A and c. 176D.

13.    Federal engaged in unfair or deceptive acts or practices declared unlawful by G.L. c. 93A § 2, including but not limited to:

    a.    commission of unfair claim settlement practices in violation of G.L. c. 176D, including but not limited to:

        1.    failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

        2.    failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and

        3.    failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

    b.    Federal's violation of its duty to defend and Massachusetts law requiring an insurer to pay the cost of defense counsel chosen by the insured, upon the issuance of a reservation of rights by the insurer; and

    c.    Federal's violation of its duty to defend and Massachusetts law requiring an insurer to pay the reasonable cost of defense counsel chosen by the insured, upon the issuance of a reservation of rights by the insurer, rather than the "rates at which its [Federal's] own lawyers were ready, willing and able to represent Haverhill." *See* Federal's complaint in this action at ¶ 30.

14.    Federal's violations of G.L. c. 93A were willful and/or knowing.

15.    Federal's violations of G.L. c. 93A occurred primarily and substantially within the Commonwealth of Massachusetts.

16. Haverhill Golf and Country Club has suffered a loss of money or property as a result of Federal's violations of G.L. c. 93A.

17. Pursuant to G. L. c. 93A, Haverhill Golf and Country Club's damages should be doubled or trebled and it should be awarded the costs and attorneys' fees incurred in prosecuting this counterclaim.

WHEREFORE, Haverhill Golf and Country Club prays that this court:

a. Declare that Federal has acted in violation of G.L. c.93A and c.176D and has breach its contract with Haverhill Golf and Country Club;

b. Enter judgment against Federal on the Counterclaim for Breach of Contract and award damages to Haverhill Golf and Country Club for its damages incurred as a result of said breach, including but not limited to attorneys' fees in defending the *Borne* action, attorneys' fees in defending this action, interest and costs; and

c. Enter judgment against Federal on the Counterclaim for Violation of G.L. c. 93A, for its damages, including but not limited to:

    1. all Haverhill Golf and Country Club's legal expenses which it has been required to pay in the defense of its interests with regard to the *Borne* action and the coverage issues;

    2. all damages incurred by Haverhill Golf and Country Club with respect to resolution of the *Borne* action and the judgments resulting therefrom; and

    3. double or treble damages, interest, costs and attorneys' fees.

d. Haverhill Golf and Country Club's attorneys' fees and costs incurred in obtaining coverage that it was entitled to under the policy issued by Federal and interest thereon;

e. Haverhill Golf and Country Club's attorneys' fees, costs and interest in defending Federal's declaratory judgment action; and

f. Such other and further damages to Haverhill Golf and Country Club as the Court deems just and appropriate

11

HAVERHILL GOLF AND COUNTRY CLUB, INC.

By its attorneys,

_William J. Dailey, Jr., BBO #112200_
Myles W. McDonough, BBO #547211
Laura Meyer Gregory, BBO #563689
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010 phone
(617) 227-0927 fax

Date: _Dec. 16, 2003_

## CERTIFICATE OF SERVICE

I, Laura Meyer Gregory, hereby certify that on this date I served upon all counsel listed below a copy of the foregoing: Defendant Haverhill Golf And Country Club, Inc.'s Answers and Counterclaims, by mailing a copy of the same, postage prepaid to all counsel listed below:

Robert P. Powers, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109

Wallace A. Christensen, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006

Date: _Dec. 16, 2003_

_Laura Meyer Gregory_
Laura Meyer Gregory

s:\borne, judith, et. al. v. haverhill golf & country club pe000-5104\federal v. haverhill\answer to federal ins. cpl.doc

12