UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JAN -5 P 3: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>15 Mountain View Road<br>Warren, New Jersey 07059,<br>    Plaintiff,<br><br>v.<br><br><br>HAVERHILL GOLF AND COUNTRY CLUB, INC.<br>Brickett Lane<br>Haverhill, MA 01831<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-12203 RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT HAVERHILL GOLF AND COUNTRY CLUB, INC.'S AMENDED ANSWER AND COUNTERCLAIMS (As of Right)

Defendant, Haverhill Golf and Country Club, Inc. ("defendant" or the "Club") states as follows:

1.      Paragraph 1 is not a statement of fact, but of law and as such does not require a response by defendant. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

2.      Denied, except that the defendant states that it is a defendant in the action entitled *Judith Borne, et al. v. Haverhill Golf & Country Club, Inc.*, Suffolk Superior Court, C.A. No. 9( - 6511C ("*Borne* action"), and that Federal Insurance Company ("Federal") has paid for a portion of the Club's defense costs in the *Borne* action.

3.      Defendant further admits that a jury verdict of $1,967,400 was returned against the Club in the *Borne* action and denies the remaining allegations contained in this paragraph.

4.      Denied, except that the defendant states that it is without knowledge as to whether Federal has exhausted its policy and as such is unable to form a belief as to the truth of said allegations and calls upon the plaintiff to prove the same.

5.      This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. Defendant further states that it admits that any claims between its excess carrier and the defendant have been resolved and it is without knowledge regarding the remaining allegations.

6.  This paragraph contains statements that are not statements of fact, but of law and as suc does not require a response by defendant and further refers to document(s) which speak( ) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fac , they are denied. Defendant further states that it admits that any claims between its exce s carrier and the defendant have been resolved and it is without knowledge regarding the remaining allegations.

7.  Paragraph 7 is not a statement of fact, but of law and as such does not require a response by defendant. Insofar as the said allegations may be interpreted as statements of fact, they a re denied.

8.  Paragraph 8 is not a statement of fact, but of law and as such does not require a response by defendant. Insofar as the said allegations may be interpreted as statements of fact, they a e denied.

9.  The defendant neither admits nor denies the allegations contained in paragraph 9 as defendant is without sufficient information or knowledge to form a belief as to the truth f said allegations and calls upon the plaintiff to prove the same.

10.  The defendant admits the allegations contained in paragraph 10.

11.  Defendant states that paragraph 11 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor deni s the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

12.  Defendant states that paragraph 12 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor deni s the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

13.  Defendant states that paragraph 13 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor deni s the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

14.  Defendant states that paragraph 14 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor deni the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

15.  Defendant states that paragraph 15 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor deni the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

16.  Defendant states that paragraph 16 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denie

the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

17.    Defendant states that paragraph 17 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

18.    Defendant states that paragraph 18 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

19.    The defendant admits that there was an appropriate tender to Federal.

20.    Defendant states that paragraph 20 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

21.    Defendant states that paragraph 21 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

22.    Defendant states that paragraph 22 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

23.    Defendant states that paragraph 23 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

24.    Defendant states that paragraph 24 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

25.    Defendant states that paragraph 25 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

26.    Defendant states that paragraph 26 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied.

27.   Defendant states that paragraph 27 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.

28.   Defendant states that paragraph 28 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.

29.   The defendant admits that there was an appropriate tender to Federal and that Federal funded only a portion of the defense.

30.   This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak( ) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.  Insofar as the said allegations may be interpreted as statements of fact, they are denied.  Defendant further states that it admits that consistent with Massachusetts law and the reservation of rights, this matter was defended by counsel designated by the insured and Federal funded only a portion of the defense.  The defendant denies the remaining allegations contained in this paragraph.

31.   The defendant denies the allegations contained in paragraph 31 and calls on the plaintiff to prove the same.

32.   The defendant denies the allegations contained in paragraph 32 and calls on the plaintiff to prove the same.

33.   The defendant denies the allegations contained in paragraph 33 and calls on the plaintiff to prove the same.

34.   This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.  Insofar as the said allegations may be interpreted as statements of fact they are denied.  The defendant denies the remaining allegations.

35.   This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein.  Insofar as the said allegations may be interpreted as statements of fact they are denied.  The defendant denies the remaining allegations.

36.   The defendant admits that various claims were tried to a jury beginning in September, 1999.

37.   This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s for itself/themselves and therefore the defendant neither admits nor denies the allegations

contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

38. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak() for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

39. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak() for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

40. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak() for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

41. Defendant states that paragraph 41 requires no answer since the document(s) referred to therein speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant admits that the jury returned a verdict against the Haverhill Golf and Country Club in October, 1999 in the *Borne* action.

42. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact they are denied. The defendant denies the remaining allegations.

43. The defendant admits that various post trial motions were filed and an appeal was taken from the verdict and judgment entered in the Superior Court.

44. The defendant denies that Federal has tendered all remaining proceeds of its policy and is without sufficient information or knowledge to form a belief as to the truth of said allegations.

45. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant is without sufficient information or knowledge to form a belief as to the truth of allegations relating to Federal's communications with the defendant's excess insurer. The defendant denies the remaining allegations.

46. With regard to the allegations contained in the first and second sentences of paragraph 46, the defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations. With regard to the third and fourth sentences of paragraph 46, they contain statements that are not statements of fact, but of law and as such does not require a response by defendant and further refer to communications which speak for themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. The defendant denies the remaining allegations.

47. The defendant admits that the verdict and judgment entered in the Superior Court were affirmed on appeal. With regard to the remaining allegations contained in this paragraph, the defendant The defendant is without sufficient information or knowledge to form a belief as to the truth of allegations contained therein.

48. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak() for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact, they are denied. Defendant further states that it admits that any claims between its excess carrier and the defendant have been resolved and it is without knowledge regarding the remaining allegations.

49. Denied, except the defendant admits that the judgment against it in the *Borne* action has been paid in full.

50. This paragraph contains statements that are not statements of fact, but of law and as such does not require a response by defendant and further refers to document(s) which speak(s) for itself/themselves and therefore the defendant neither admits nor denies the allegations contained therein. Insofar as the said allegations may be interpreted as statements of fact they are denied. The defendant denies the remaining allegations.

51. The defendant restates and incorporates herein by reference its answers to paragraphs 1 through 50 above.

52. The defendant denies the allegations contained in paragraph 52 and calls on the plaintiff to prove the same.

53. The defendant denies the allegations contained in paragraph 53 and calls on the plaintiff to prove the same.

54. The defendant denies the allegations contained in paragraph 54 and calls on the plaintiff to prove the same.

55. The defendant denies the allegations contained in paragraph 55 and calls on the plaintiff to prove the same.

56. The defendant denies the allegations contained in paragraph 56 and calls on the plaintiff to prove the same.

57.    The defendant denies the allegations contained in paragraph 57 and calls on the plaintif to prove the same.

58.    The defendant denies the allegations contained in paragraph 58 and calls on the plaintifi to prove the same.

59.    The defendant denies the allegations contained in paragraph 59 and calls on the plaintifl to prove the same.

## FIRST AFFIRMATIVE DEFENSE

And further answering the complaint should be dismissed pursuant to Mass. Rule of Civ P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, Federal Insurance Company has failed to comply with the terms nd conditions of the policy of insurance, wherefore Federal Insurance Company is barred fr m the relief requested in this action.

## THIRD AFFIRMATIVE DEFENSE

And further answering, to the extent that the defendant owed any obligations to Federal Insurance Company, such obligations have been fully, completely and properly performe l in every respect.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, defendant is entitled to coverage under the Federal Insurance Company policy for said loss under the terms and conditions of the said policy of insuran e.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, defendants state that the allegations contained in the complaint ii the action entitled *Judith Borne, et. als., v. Haverhill Golf and Country Club*, Superior Court. Commonwealth of Massachusetts, Civil Action No.: 96-6511-C (the "*Borne* action") trig er Federal Insurance Company's duty to defend and indemnify the defendant under the Fede al Insurance Company policy.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, defendant states that the claims contained in the complaint in the *Borne* action trigger Federal Insurance Company's duty to indemnify the defendant under he Federal Insurance Company policy.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, defendant states that the allegations contained in the complaint i the *Borne* action are covered under the terms and conditions of the Federal Insurance Comp my policy.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant has complied with the terms and conditions of the Federal Insurance Company policy.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant hereby gives notice of its intent to assert such othe and further defenses as may become available or apparent during discovery proceedings in th s action and hereby reserve the right to amend its answer and to assert any such defenses t appropriate motion.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the complaint fails to include a necessar party and should be dismissed pursuant to M.R.C.P. Rule 12(b)(7).

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, defendants state that the plaintiff's action is barred by the doctrin of latches.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, defendants state that the plaintiff's action is barred by the doctrin of estoppel and/or waiver.

## COUNTERCLAIMS

1.  Defendant/Counterclaim Plaintiff, Haverhill Golf and Country Club, Inc. is a Massachuse s corporation with its principal place of business in Haverhill, Massachusetts.

2.  Upon information and belief, the Federal Insurance Company ("Federal") is an insurance carrier duly licensed to issue contracts of insurance in the Commonwealth of Massachuse s with a principal place of business in the state of New Jersey.

3.  Haverhill Golf and Country Club is insured under an Executive Risk Policy for Country Clubs issued by Federal, which is applicable at all times relevant hereto.

4.  Pursuant to the policy issued by Federal to Haverhill Golf and Country Club, Federal has duty to defend and indemnify Haverhill Golf and Country Club in the action entitled *Judit Borne, et al. v. Haverhill Golf & Country Club, Inc.*, Suffolk Superior Court, C.A. No. 96- 6511C ("*Borne* action").

## COUNTERCLAIM FOR BAD FAITH REFUSAL TO SETTLE

5. Haverhill Golf and Country Club repeats and incorporates by reference herein paragraph 1 through 4 above, as well as it answers set forth above, as if fully set forth herein.

6. During trial of the *Borne* action, Federal had the opportunity to settle this matter for well within its policy limits, but failed to do so and instead a judgment against the Club was entered well in excess of Federal's policy limit.

7. While the trial of the *Borne* action was in progress a Federal representative was present as the Columbus Day weekend approached in October, 2000. It was apparent to all participants in the case that the plaintiffs were developing a strong position.

8. On Friday, October 8, 1999, prior to Columbus Day, the presiding judge requested that all participants come in to the judge's lobby for a settlement conference.    A demand of $350,000 was made and the Judge indicated that the figure seemed fair. On Tuesday, October 12, 1999, the Judge met with Federal's representative in his lobby and relayed the $350,000 demand with a recommendation to settle.

9. Federal never responded until Thursday, October 21, 1999 when an offer of $250,000 was made. This offer was based upon decisions apparently made by claim representatives of your company and at no time was any representative of the Club asked for his or her input into the settlement process followed by the carrier.

10. An individual acting on behalf of the Club sent at least six facsimiles to Federal during the period from October 12 to October 21 urging a settlement, but never received a response. The Club was not informed of any conversations that were occurring between Federal and the plaintiffs' attorneys in the *Borne* action.

11. Between the time the trial resumed on October 12, 1999, and the time the offer was made on or about October 21, 1999, the trial testimony which was introduced further enhanced the plaintiffs' position and when the offer was made, at a figure well under the demand that existed immediately prior to the Columbus Day weekend, it was summarily rejected and the response from the plaintiffs was not only to reject the offer, but to increase the settlement demand.

12. The opportunity to settle the case, well within Federal's coverage, and at a figure thought to be reasonable to the Court and a figure the Club urged be accepted, was lost due to Federal's actions and inactions.

13. Federal's actions were willful, knowing and/or in reckless disregard of the lack of a reasonable basis for failing to settle the claims against the Club in the *Borne* action.

14. As a result of Federal's bad faith refusal to settle the claims against the Club in the *Borne* action, the Club has sustained damages, including but not limited to incurring attorneys' fees in the *Borne* action and in defending this action and monies paid to satisfy the judgment against the Haverhill Golf and Country Club in the *Borne* action.

## COUNTERCLAIM FOR BREACH OF CONTRACT

15.    Haverhill Golf and Country Club repeats and incorporates by reference herein paragraphs 1 through 14 above as if fully set forth herein.

16.    In filing this action against Haverhill Golf and Country Club, Federal has subjected Haverhill Golf and Country Club to litigation and caused Haverhill Golf and Country Club to incur legal fees to establish Federal's duty to defend and indemnify Haverhill Golf and Country Club under the policy issued by Federal.

17.    Federal has breached its insurance contract with Haverhill Golf and Country Club.

18.    As a result of Federal's breach of the insurance contract, Haverhill Golf and Country Club has sustained damages, including but not limited to incurring attorneys' fees in the *Born* action and in defending this action, monies paid to satisfy the judgment against the Haverhill Golf and Country Club in the *Borne* action, and interest on a loan obtained by Haverhill Golf and Country Club in order to satisfy said judgment.

## COUNTERCLAIM FOR VIOLATION OF G.L. c. 93A

19.    Haverhill Golf and Country Club repeats and incorporates by reference herein paragraphs 1 through 18 above as if fully set forth herein.

20.    Federal engages in the conduct of trade or commerce in the Commonwealth of Massachusetts.

21.    Haverhill Golf and Country Club has complied with all the conditions precedent to bringing this claim pursuant to G.L. c. 93A.

22.    Prior to initiation of this action, Haverhill Golf and Country Club forwarded a written demand to Federal seeking compensation for damages resulting from Federal's actions and inactions in violation of G.L. c. 93A and c. 176D.

23.    Federal engaged in unfair or deceptive acts or practices declared unlawful by G.L. c. 93A § 2, including but not limited to:

    a.    commission of unfair claim settlement practices in violation of G.L. c. 176D, including but not limited to:

        1.    failing to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

        2.    failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and

        3.    failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

b.  Federal's violation of its duty to defend and Massachusetts law requiring an insurer to pay the cost of defense counsel chosen by the insured, upon the issuance of a reservation of rights by the insurer; and

c.  Federal's violation of its duty to defend and Massachusetts law requiring an insurer to pay the reasonable cost of defense counsel chosen by the insured, upon the issuance of a reservation of rights by the insurer, rather than the "rates at which its [Federal's] own lawyers were ready, willing and able to represent Haverhill." *See* Federal's complaint in this action at ¶ 30.  As a result, the Club was forced to pay $50,689.05 to defense counsel, that Federal refused to pay.

24.  Federal's violations of G.L. c. 93A were willful and/or knowing.

25.  Federal's violations of G.L. c. 93A occurred primarily and substantially within the Commonwealth of Massachusetts.

26.  Haverhill Golf and Country Club has suffered a loss of money or property as a result of Federal's violations of G.L. c. 93A.

27.  Pursuant to G. L. c. 93A, Haverhill Golf and Country Club's damages should be doubled or trebled and it should be awarded the costs and attorneys' fees incurred in prosecuting this counterclaim.

## COUNTERCLAIM FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

28.  Haverhill Golf and Country Club repeats and incorporates by reference herein paragraph 1 through 27 above as if fully set forth herein.

29.  The insurance contract entered into by Federal and the Haverhill Golf and Country Club includes, as a matter of law, a duty of good faith and fair dealing on the part of Federal.

30.  Federal's above described actions in failing to settle the claims against the Haverhill Golf and Country Club in the *Borne* action, violation(s) of its duty to defend and duty to indemnify the Haverhill Golf and Country Club constitute a breach by Federal of its duty of good faith and fair dealing.

31.  As a result of Federal's breach of its duty of good faith and fair dealing, Haverhill Golf and Country Club has sustained damages, including but not limited to incurring attorneys' fees in the *Borne* action and in defending this action, monies paid to satisfy the judgment against the Haverhill Golf and Country Club in the *Borne* action, and interest on a loan obtained by Haverhill Golf and Country Club in order to satisfy said judgment.

## COUNTERCLAIM FOR PUNITIVE DAMAGES

32.  Haverhill Golf and Country Club repeats and incorporates by reference herein paragraphs 1 through 31 above as if fully set forth herein.

11

33. Federal's principal place of business is the state of New Jersey. Federal engages in the business of insurance and conducts trade or commerce in the state of New Jersey.

34. Haverhill Golf and Country Club is entitled to damages pursuant to the New Jersey Punitive Damages Act, N.J.S. 2A:15-5.9.

35. Haverhill Golf and Country Club has complied with all the conditions precedent to bringing this claim pursuant to the New Jersey Punitive Damages Act, N.J.S. 2A:15-5.9.

36. Haverhill Golf and Country Club has suffered harm as a result of Federal's acts and/or omissions.

37. Federal's acts and/or omissions were actuated by actual malice and/or accompanied by wanton and willful disregard of Haverhill Golf and Country Club, which Federal foresaw might be harmed by those acts or omissions.

38. As a result of Federal's acts and/or omissions, the Club has sustained damages, including but not limited to incurring attorneys' fees in the *Borne* action and in defending this action, monies paid to satisfy the judgment against the Haverhill Golf and Country Club in the *Borne* action, and interest on a loan obtained by Haverhill Golf and Country Club in order to satisfy said judgment.

WHEREFORE, Haverhill Golf and Country Club prays that this court:

a. Declare that Federal has acted in violation of G.L. c.93A and c.176D and has breach its contract with Haverhill Golf and Country Club;

b. Enter judgment against Federal on the Counterclaim for Breach of Contract and award damages to Haverhill Golf and Country Club for its damages incurred as a result of said breach, including but not limited to incurring attorneys' fees in the *Borne* action and in defending this action, monies paid to satisfy the judgment against the Haverhill Golf and Country Club in the *Borne* action, and interest on a loan obtained by Haverhill Golf and Country Club in order to satisfy said judgment; and

c. Enter judgment against Federal on the Counterclaim for Violation of G.L. c. 93A, for its damages, including but not limited to:

    1. all Haverhill Golf and Country Club's legal expenses which it has been required to pay in the defense of its interests with regard to the *Borne* action and the coverage issues;

    2. all damages incurred by Haverhill Golf and Country Club with respect to resolution of the *Borne* action and the judgments resulting there from; and

    3. double or treble damages, interest, costs and attorneys' fees.

d. Enter judgment against Federal on the Counterclaim for Breach of Duty of Good Faith and Fair Dealing and award damages to Haverhill Golf and Country Club for its

damages incurred as a result of said breach, including but not limited to incurrir ; attorneys' fees in the *Borne* action and in defending this action and monies paid o satisfy the judgment against the Haverhill Golf and Country Club in the *Borne* a tion, and interest on a loan obtained by Haverhill Golf and Country Club in order to s tisfy said judgment; and

e.    Enter judgment against Federal on the Counterclaim for Bad Faith Refusal To S tle and award damages to Haverhill Golf and Country Club for its damages incurrec as a result of said breach, including but not limited to incurring attorneys' fees in the *Borne* action and in defending this action and monies paid to satisfy the judgmei against the Haverhill Golf and Country Club in the *Borne* action, and interest on loan obtained by Haverhill Golf and Country Club in order to satisfy said judgm nt; and

f.    Enter judgment against Federal on the Counterclaim for Punitive Damages and a vard punitive damages to Haverhill Golf and Country Club; and

g.    Haverhill Golf and Country Club's attorneys' fees and costs incurred in obtainin; coverage that it was entitled to under the policy issued by Federal and interest thereon; and

h.    Haverhill Golf and Country Club's attorneys' fees, costs and interest in defendin; Federal's declaratory judgment action; and

i.    Such other and further damages to Haverhill Golf and Country Club as the Court deems just and appropriate.

HAVERHILL GOLF AND COUNTRY CLUB, IN C.

By its attorneys,

*Laura Meyer Gregory*

William J. Dailey, Jr., BBO #112200
Myles W. McDonough, BBO #547211
Laura Meyer Gregory, BBO #563689
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA  02108
(617) 523-6010 phone
(617) 227-0927 fax

Date:  January 5, 2004

## CERTIFICATE OF SERVICE

I, Laura Meyer Gregory, hereby certify that on this date I served upon all counsel listed below a copy of the foregoing: Defendant Haverhill Golf And Country Club, Inc.'s Amended Answer And Counterclaims (As Of Right), by mailing a copy of the same, postage prepaid to all counsel listed below:

Robert P. Powers, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA  02109

Date:    January 5, 2004

Wallace A. Christensen, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006

Laura Meyer Gregory

S:\BORNE, JUDITH, ET. AL. V. HAVERHILL GOLF & COUNTRY CLUB PE000-5104\FEDERAL v. HAVERHILL\Amended –Answer to Federal Ins. Cpl.doc

SLOANE AND WALSH    FILED

A PROFESSIONAL LIMITED LIABILITY PARTNERSHIP

WILLIAM J. DAILEY, JR.
JOHN P. RYAN
ROBERT H. GAYNOR
EDWARD T. HINCHEY
LAWRENCE J. KENNEY, JR.
ANTHONY J. ANTONELLIS
WILLIAM J. DAILEY, III
CURTIS R. DIEDRICH
MARCIA K. DIVOLL
JAMES P. DONOHUE, JR.
ROSS A. KIMBALL
MYLES W. McDONOUGH

ATTORNEYS AT LAW

THREE CENTER PLAZA                    2004 JAN -5 P

BOSTON, MASSACHUSETTS 02108

TELEPHONE: (617) 523-6010
FAX: (617) 227-0927
WRITER'S DIRECT E-MAIL ADDRESS: LGREGORY@SLOANEWALSH.COM

U.S. DISTRICT COURT
DISTRICT OF MASS

JOHN A. Dc ovan III
JOHN P. Fa giano
LAURA MEYE GREGORY
MICHAEL P. UAGENTY
DAVID M. H/ TIGAN
KELLY A. JL PER
MICHAEL J. ERRIGAN
GREGG M. L KO
JOHN McCO HACK
STACEY E. M RRIS
HEIDI M. OH
HARRY A. PL ICE
JAMES J. Sc NLON
BRIAN H. Su JVAN

January 5, 2004

*VIA HAND DELIVERY*

Civil Clerk's Office
United States District Court for
The District of Massachusetts
1 Courthouse Way
Boston, MA  02210

RE:    *Federal Insurance Company v. Haverhill Golf and Country Club, Inc.*
       Civil Action No. 03-12203 RGS
       Our File No.: PE000-5104

Dear Sir/Madam:

    Enclosed please find for docketing Defendant Haverhill Golf And Country Club, Inc.'s Amended Answer And Counterclaims (As of Right).  The enclosed is being filed, as of right, pursuant to F.R.C.P. 15(a) and thus a motion is not required.

    Thank you for your attention to this matter.

                                    Very truly yours,

                                    Laura Meyer Gregory

LMG/ljm
Enclosure
cc:    Robert P. Powers, Esq. (via U.S. Mail)
       Wallace A. Christensen, Esq. (via U.S. Mail)

S:\BORNE, JUDITH, ET. AL. V. HAVERHILL GOLF & COUNTRY CLUB PE000-5104\FEDERAL v. HAVERHILL\Correspondence\Court\Court 01-05-04.doc